# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MARK A. LICCIARDI, *Individually and as a City of Rochester Firefighter*,

                        Plaintiff,

-vs-

CITY OF ROCHESTER, CITY OF ROCHESTER FIRE DEPARTMENT, JOHN CAUFIELD, *Individually and as City of Rochester Fire Chief*, SALVATORE MITRANO, III, *Individually and as City of Rochester Executive Deputy Chief,* MARTIN McMILLIAN, *Individually and as Line Deputy Fire Chief*, RICHARD YACKEL, *Individually and as Battalion Chief*, KEVIN CADY, *Individually and as a City of Rochester Fire Lt.*, MAUREEN HOPE, *Individually and as Fire Department Case Manager*, and SUSAN WALZ*, Individually and as Vice Principal of Northside Elementary School District*,

DECISION & ORDER
10-CV-6165-CJS

                        Defendants.

## APPEARANCES

For Plaintiff:                                  Emmelyn S. Logan-Baldwin, Esq.
                                                  400 Century Row
                                                  171 State Street
                                                  Rochester, NY 14614
                                                  (585) 232-2292

For City of Rochester, John Caufield,        Igor Shukoff, Esq.
Salvatore Mitrano, III, Martin McMillian,    City of Rochester Law Department
Richard Yackel, Kevin Cady and            City Hall, Room 400-A
Maureen Hope:                               30 Church Street
                                                  Rochester, NY 14614-1295
                                                  (585) 428-6812

| | |
|---|---|
| For Susan Walz: | Frank W. Miller, Esq.<br>James Ryan Hatch, Esq.<br>The Law Firm of Frank W. Miller<br>6575 Kirkville Road<br>East Syracuse, NY 13057<br>(315) 234-9900 |

## INTRODUCTION

**Siragusa, J.** This removed case is before the Court on Defendants' motions (Docket Nos. 4 & 6) for summary judgment and to dismiss, and Plaintiff's cross-motion (Docket No. 11) to remand and award attorney's fees and costs. For the reasons stated below, the Court vacates the Notice of Removal and remands this matter to New York State Supreme Court and awards reasonable attorney's fees and costs to Plaintiff.

## STANDARDS OF LAW

The Federal removal statute reads in pertinent part as follows:

§ 1446.  Procedure for removal

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of

jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action….

* * *

§ 1447. Procedure after removal generally

(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

(b) It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise….

28 U.S.C. § 1446(a) & (b) and 1447 (a) & (b). The Federal Rules of Civil Procedure apply to civil lawsuits after they are removed from a state court. Fed. R. Civ. P. 81(c)(1).

### *Remand Statute Attorney's Fee Authorization*

The remand statute provides for the discretionary award of attorney fees as follows:

(c) …An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal….

28 U.S.C. § 1447(c)(1996). Interpreting this statute, the Second Circuit wrote:

The goal of this provision is to deter improper removal…. While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it.

*Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir. 1999). As to an award of attorney's fees, the U.S. Supreme Court issued guidance in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005):

[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied…. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case…. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Martin*, 546 U.S. at 141 (citations omitted).

## ANALYSIS

### *Motion to Remand*

Plaintiff contends that the City Defendants' removal[1] was untimely, since it was made outside the 30-day limit, which begins upon service of the "initial pleading" in the State proceeding. 28 U.S.C. § 1446(b) (1996) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."). In a commentary on the 1988 revision of § 1446, legal scholar David D. Siegel wrote the following:

> What Qualifies as "Initial Pleading" to Start Removal Time?
>
> Apart from the 1988 amendments, but rekindled by their address to the time element applicable to removals, is the problem a defendant meets in considering whether to remove the case from a state court whose practice does not always entail the service of a full-fledged complaint. The first paragraph of § 1446(b) provides that the 30 days for removal run from the defendant's receipt of the "initial pleading" stating the claim. This has proved to be a problem in a state like New York, whose practice gives the plaintiff the alternative of starting the action with a brief "notice stating the nature of the action", the complaint to come later under a demand procedure. Several

---

[1] Defendant Susan Walz joined in the removal. ("Defendant Susan Walz, through her attorney Frank W. Miller, Esq., join [sic] in this removal.") (Notice of Removal ¶ 6).)

federal courts have held that it's the notice that starts the 30 days, at least when diversity is the removal ground; that if the defendant waits until the complaint is served, the removal will be too late. This writer tracked the issue in a two-installment treatment in the New York State Law Digest (Editions 342 and 343, June and July 1988), a monthly publication of the New York State Bar Association.

While it is not likely that such a brief notice will trigger the 30-day period in a federal question case—unless, despite its brevity, the notice happens to manifest the federal nature of the claim asserted—it is very apt to do so in a diversity case. The later-served complaint is not likely to reveal any more about the citizenship of the parties than the notice did—the matter is not generally germane in state practice—which makes the service of such a notice as appropriate a time to remove a diversity-based case as the service of the complaint. The counseling point to the defendant's attorney in a state with a "notice" or like practice is to look into the diversity issue promptly, and, if diversity is present, remove the case within the 30-day period following the service of the notice. Indeed, the rule of thumb for defendants determined to remove a case is to resolve all doubts in favor of prompt removal.

Commentary, 28 U.S.C.A. § 1446 (West 2010). On this point, the Southern District wrote:

> It is well-accepted that removal statutes have been construed strictly against removal. See 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3721 at 216 (1985). Thus, the burden of persuasion rests upon the removing party, and any doubts as to removal must be resolved in favor of remand. *See generally DiMeglio v. Italia Crociere Internazionale*, 502 F. Supp. 316, 317 (S.D.N.Y.1980) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)); *Nicola Products Corp. v. Showart Kitchens, Inc.*, 682 F.Supp. 171, 172-173 (E.D.N.Y. 1988).
> 
> Section 1446(b) of Title 28 provides that a defendant may petition for removal within 30 days of receipt of the "initial pleading." A Summons with Notice served in accordance with New York CPLR § 305(b) constitutes an "initial pleading" within the meaning of 28 U.S.C. § 1446(b) because it generally "presents 'more than sufficient' information on its face to allow defendants 'intelligently to ascertain' removability of a case." *Wickett v. Katz*, 1992 WL 30684, at *2, 1992 U.S. Dist. LEXIS 1522, at *4 (S.D.N.Y. February 10, 1992) (quoting *Universal Motors Group of Cos., Inc. v. Wilkerson*, 674 F. Supp 1108, 1113 (S.D.N.Y.1987)). Thus, a Summons with Notice usually triggers the 30-day period for removal. *See e.g DiMeglio*, 502 F. Supp at 318.

*Stanley Roberts Inc. v. Martinson*, No. 92 Civ. 1724 (MBM), 1992 WL 167330, *1–2 (S.D.N.Y. July 6, 1992). Notably, *Stanley Roberts Inc.* involved diversity jurisdiction, not federal question jurisdiction. As Professor Siegel pointed out in his commentary, in diversity cases, the notice alone will probably be sufficient to provide the basis for removal, but not necessarily with a federal question case.

Plaintiff's Summons with Notice, received by the Law Department of the City of Rochester on February 17, 2010, outlined that Plaintiff's claims were based, *inter alia*, on "denial of New York *and federal* civil and constitutional rights, including, without intending to limit Equal Protection of the Law, Due Process of Law, Free Speech and Freedom of Association…." (Summons with Notice (Feb. 16, 2010), at 2 (emphasis added).) The Summons with Notice was sufficient to give the City Defendants notice that some of Plaintiff's claims rested on Federal law, thus triggering the removal time clock under § 1446. Thirty days from February 17, 2010, was Friday, March 19, 2010. The Notice of Removal was filed with this Court on Wednesday, March 24, 2010, at 2:44 PM EDT. (Docket No. 1, Notice of Electronic Filing.) Consequently, the City Defendants' Notice of Removal was procedurally defective.

Moreover, in the Notice of Removal, the City Defendants stated, pursuant to the good faith requirements of Federal Rule of Civil Procedure 11, the following: "This Notice of Removal is being filed with thirty (30) days of Defendants' receipt of the Summons with Notice." (Notice of Removal ¶ 12.) Clearly this assertion is not true. Although the City Defendants contend that Plaintiff's motion to remand is filed out of time,[2] the Court is

---

[2] "Under § 1447(c), '[a] motion to remand the case on the basis of any defect other than
(continued...)

nevertheless remanding this case. The City Defendants' false representation to the Court that their removal strictly complied with the removal statute's requirements is the Court's basis for remanding the case to New York State Supreme Court. The law is clear that "[a]ny doubts as to federal jurisdiction are to be resolved against removal," *Hamilton v. Hertz Corp.*, 607 F. Supp. 1371, 1374 (S.D.N.Y. 1985); *Irving Trust Co. v. Century Export & Import, S.A.*, 464 F. Supp. 1232, 1236 (S.D.N.Y 1979); Decision and Order, *Sinclair v. City of Rochester*, No. 07-CV-6277 (W.D.N.Y. Jun. 20, 2007).

***Attorney Fees and Costs***

As indicated above, the remand section of the removal statute provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). District courts have a "great deal of discretion and flexibility" in considering requests for attorneys' fees under section 1447(c). *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). Furthermore, as noted earlier, the Supreme Court made clear the standard governing the application of section 1447(c) and held that the test is whether the removing party "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141 (2005). In considering whether to award attorney's fees, a court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and

---

²(...continued)
lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).'" *Farmland National Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 756, 2004 WL 830769, 3 (10th Cir. 2004). "Under the plain language of the statute, the thirty-day clock begins to run upon 'the filing of the notice of removal under section 1446(a).' Nothing in the statute allows the thirty-day limitation to be restarted…." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 522 F. Supp. 2d 557, 567 (S.D.N.Y. 2007).

imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140.

Here, Plaintiff alleges that the City Defendants removed the case while in default at the state level, and only removed the case to delay the litigation and impose unnecessary costs on Plaintiff. (Logan-Baldwin Aff. (Docket No. 9) ¶ 28.) As Plaintiff's counsel has pointed out, the City Defendants have not refuted her claim that they were in default at the time of filing the Notice of Removal. Although an objectively reasonable basis for removal existed, the Court may nonetheless award attorney's fees and costs under § 1447(c) in what the Supreme Court labeled "unusual circumstances." *Martin*, 546 U.S. at 141. The Supreme Court wrote:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id*., at 140. Here, the unrefuted allegations that the City Defendants were in default at the time they filed the Notice of Removal, combined with their disingenuous assertion that the removal was timely, warrants an award of attorney's fees. Accordingly, the Court will award reasonable attorney's fees to Plaintiff.

## CONCLUSION

For the reasons stated above, the Notice of Removal is vacated and this case is

remanded to the Supreme Court of New York. Plaintiff may file an affirmation in support of an award of reasonable attorney's fees, detailing the work performed specifically for the motion to remand. Such affirmation must be filed by October 29, 2010. Any response from Defendants shall be filed by November 12, 2010.

    IT IS SO ORDERED.

Dated:  October 19, 2010
         Rochester, New York

               ENTER:

                      /s/ Charles J. Siragusa
                      CHARLES J. SIRAGUSA
                      United States District Judge